UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SACRED SOURCE SANCTUARY,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO,<br><br>Defendant. | Case No. 18cv1049-JAH (NLS)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

## **INTRODUCTION**

Pending before the Court are Defendant City of San Diego's ("Defendant") motion to dismiss (Doc. No. 3) and motion for abstention (Doc. No. 4). The motions are fully briefed and unopposed. After review of the pleadings, and for the reasons set forth below, the Court **DISMISSES** the case without prejudice.

## **BACKGROUND**

On May 25, 2018, Plaintiff Sacred Source Sanctuary ("Plaintiff") filed a complaint seeking injunctive relief. Doc. No. 1. Plaintiff asserts it is a religious group that considers cannabis its "central sacrament." Id. at pg. 3. Plaintiff alleges that on or around February 1, 2018 and April 18, 2018, the San Diego Police Department ("SDPD") went to Plaintiff's property, detained members of Plaintiff's organization, and seized marijuana. Id. Plaintiff

1

alleges that in April 2018, the City of San Diego notified Plaintiff that it was in violation of San Diego Municipal Code ("SDMC") land use provisions. Id. at pg. 4. Plaintiff argues that these actions impede Plaintiff's religious liberties. See Doc. 1. Plaintiff now seeks injunctive relief, litigation costs, and attorney's fees. Id. at pgs. 8-9. On July 9, 2018, Defendant filed a motion to dismiss and motion for abstention. Doc. Nos. 3, 4. In its motion to dismiss, Defendant claims that SDPD seized Plaintiff's marijuana because Plaintiff was selling marijuana from an illegal marijuana dispensary without proper certification and in violation of San Diego city regulations. Doc. No. 3-1 at pg. 5. In its motion for abstention, Defendant requests that this Court abstain from adjudicating this case as Defendant enforces local regulations. Doc. No. 4-1 at pg. 5. Defendant contends there are criminal proceedings pending in state court against members of Plaintiff's organization that implicate important state interests. Id. at pgs. 11-12. Defendant argues that federal court action could enjoin the criminal proceedings or at the minimum, produce inconsistent judgments. Id.

## **DISCUSSION**

The Court will only address the issue of abstention.[1] The Court infers, based upon the pleadings, members of Plaintiff's organization are currently facing ongoing criminal proceedings. The Court finds any ruling regarding Plaintiff's right to possess or distribute marijuana could impact the state criminal proceedings. As such, the complaint must be dismissed because it is clear that this Court is barred from consideration of Plaintiff's claims by the abstention doctrine announced in Younger v. Harris, 401 U.S. 37 (1971). Under Younger, federal courts may not interfere with ongoing state criminal proceedings absent extraordinary circumstances. Id. at 45-46; see Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982) (Younger "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings.").

---

[1] Because the Court finds abstention is warranted, the Court will not address Defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. No. 3).

2

Absent extraordinary circumstances, abstention under Younger is required when: (1) state judicial proceedings are ongoing; (2) the state proceedings involve important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal issue. Columbia Basin Apartment Ass'n v. City of Pasco, 268 F.3d 791, 799 (9th Cir. 2001). All three of these criteria appear to be satisfied here. At the time Defendant's motion for abstention was filed, members of Plaintiff's organization were part of a criminal case in Superior Court of California. Doc. No. 4-1 at pg. 11. That criminal case "arises from the searches of Sacred Source Sanctuary of which Plaintiff complains in this matter." Id. at pgs. 11-12. Further, the issue of "[w]hether the criminal defendants have a religious right to distribute marijuana of San Diego land use laws is the same issue to be decided by the criminal court and this claim." Id. The Court finds there is no question that the state criminal proceedings involve important state interests. Finally, Plaintiff has failed to show that the state courts do not provide it an adequate opportunity to raise its claims. Abstention is therefore required.

## CONCLUSION

For the foregoing reasons, the Petition is **DISMISSED** without prejudice because this Court must abstain from interfering with the ongoing state criminal proceedings pursuant to the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971).

**IT IS SO ORDERED**.

DATED: December 6, 2018

JOHN A. HOUSTON
United States District Judge

3